E-FILED
Monday, 26 April, 2021  09:31:35 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| **MILTON AL STEWART,** ) | |
| **Acting Secretary of Labor,** ) | |
| **United States Department of Labor,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 21-MC-2001** |
| ) | |
| **B&D GROCERY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>ORDER</u>

A Report and Recommendation (#8) was entered by Magistrate Judge Eric I. Long in the above cause on April 5, 2021.  Judge Long recommended that Respondent be held in contempt, due to Respondent's failure to comply with the subpoena duces tecum (#4-2) issued by the Department of Labor or to otherwise show cause why it could not comply with the subpoena as directed in the court's Order to Show Cause (#5) entered on March 11, 2021.

Judge Long directed Petitioner to serve a copy of the Report and Recommendation on Respondent.  On April 14, 2021, Petitioner filed an Affidavit of Service (#9), certifying personal service of the Report and Recommendation on Lester Detweiler, Respondent's registered agent, on April 8, 2021.

The parties were advised that any objection to the Report and Recommendation must be filed within fourteen days of service.  See 28 U.S.C. § 636(b)(1).  They were also informed that a failure to object would constitute a waiver of objections on appeal.  See *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

Neither Petitioner nor Respondent filed an objection with the court within fourteen days.  However, on April 22, 2021, Petitioner filed a Notice (#10) informing the court that Petitioner received a copy of the Report and Recommendation, arguably mailed by Respondent on April 9, 2021, with the following words handwritten in red across both pages:

NO CONTRACT
NO LIABILITY
NOT UNDERSTANDABLE
CEAST AND DESIST [*sic*]

(#10-1).  Where neither timely nor specific objections are made, the court should review the Report and Recommendation for clear error.  See *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  Following the court's review of the Report and Recommendation and the reasons for it, the court agrees with and accepts Magistrate Judge Long's Report and Recommendation (#8) and holds Respondent in contempt.

In Petitioner's Notice (#10) filed April 22, 2021, Petitioner also seeks leave to file a motion for sanctions following a finding that Respondent is in contempt of court. Petitioner is now granted leave to request sanctions.

2

Petitioner also requests that the statute of limitations be tolled from the date that Respondent first failed to comply with the subpoena on December 16, 2020, until the date that Respondent complies in full.  Petitioner's request is granted.  See *EEOC v. O'Grady*, 857 F.2d 383, 394 (7th Cir. 1988) (holding that the defendant's refusal to reply to subpoenas justified equitable tolling).

Finally, Petitioner also gave the court notice of the automatic substitution of Martin J. Walsh, Secretary of Labor, as Petitioner, pursuant to Federal Rule of Civil Procedure 25(d).

IT IS THEREFORE ORDERED:

(1) The Report and Recommendation (#8) is adopted in its entirety.  Respondent is held in civil contempt.

(2) Petitioner is granted leave to file a motion for sanctions.

(3) The statute of limitations is tolled from December 16, 2020, until the date that Respondent complies in full with the subpoena duces tecum.  Petitioner is directed to file notice with the court of the date that Respondent complies.

(4) The Clerk is directed to substitute Martin J. Walsh, Secretary of Labor, United States Department of Labor, as Petitioner in place of Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor.

ENTERED this 26th day of April 2021.

<u>s/Colin Stirling Bruce</u>
COLIN S. BRUCE
U.S. DISTRICT JUDGE