E-FILED
Wednesday, 08 September, 2021 07:11:07 AM
Clerk, U.S. District Court, ILCD

# SECRETARY'S EXHIBIT A

# PART 2 OF 3

E-FILED
Wednesday, 19 May, 2021 06:12:07 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **MARTIN J. WALSH**,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Petitioner,<br><br>v.<br><br>**B&D GROCERY, INC.**,<br><br>Respondent. | ) | Misc. Case No.: 21-mc-2001<br><br>Judge Colin S. Bruce<br>Magistrate Judge Eric I. Long |

**SECRETARY OF LABOR'S MOTION FOR SANCTIONS AGAINST RESPONDENT B&D GROCERY, INC.**

Petitioner **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor ("Secretary" or "Department"), by counsel, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, respectfully requests the Court issue appropriate sanctions against **B&D GROCERY, INC.'s** ("B&D Grocery" or "Respondent") by entering an order that holds B&D Grocery's owner and President Lester Detweiler also in civil contempt, imposes a $150.00 daily fine, payment of attorney's fees, payment of service costs, and any other relief as the Court finds just.

On April 26, 2021, this Court entered an Order finding Respondent held in civil contempt, tolled the statute of limitations from December 16, 2020, and granted Petitioner leave to file a Motion for Sanctions. (ECF No. 11). As of the date of this filing, Respondent B&D Grocery has not complied with this Court's Orders and sanctions are appropriate. The factual and legal bases for granting the Secretary's motion are set forth in the accompanying supporting brief. For the reasons stated therein, the Secretary prays that his motion is granted.

**WHEREFORE**, for all the reasons set forth herein and in the accompanying *Memorandum in Support of the Secretary of Labor's Motion for Sanctions*, the Secretary respectfully requests

the Court grant this motion and enter an Order:

A. Holding Respondent's owner and President **LESTER DETWEILER** also in civil contempt;

B. Ordering the U.S. Marshals Service to personally serve one copy of the Secretary's Motion for Sanctions, Memorandum in Support, Supporting Exhibits and Proposed Order, the April 26, 2021 Notification of Docket Entry (ECF No. 11), and this Order on **B&D GROCERY, INC.** and its owner **LESTER DETWEILER;**

C. Ordering Respondent **B&D GROCERY, INC.** and its owner **LESTER DETWEILER** to produce all responsive documents to the Secretary within five calendar days of receipt of the Order by the U.S. Marshals Service;

D. Subjecting **B&D GROCERY, INC.** and its owner **LESTER DETWEILER**, to a coercive fine of $150.00 per day for each subsequent day (after personal service of the Order by the U.S. Marshals Service) they fail to comply with the Court's March 11, 2021 Order to Show Cause and fail to produce documents and comply with the Subpoena *duces tecum*;

E. Directing **B&D GROCERY, INC.** and its owner **LESTER DETWEILER**, to pay the Secretary a compensatory fine equal to private service costs of $125.00 and attorney's fees of $875.00;

F. Granting the Secretary leave to file additional sanctions against **B&D GROCERY, INC.** and its owner **LESTER DETWEILER**, at a later date, if they fail to comply;

G. For such other and further sanctions and relief that the Court finds appropriate.

Respectfully submitted,

**ELENA GOLDSTEIN**
Acting Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/Lydia J. Faklis
**LYDIA J. FAKLIS**
Trial Attorney

Attorneys for **MARTIN J. WALSH**
Secretary of Labor
U.S. Department of Labor
Petitioner

P.O. Address:

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, IL 60604
Telephone No.: 312/353-6992
Fax No.: 312/353-5698
E-mail: faklis.lydia.j@dol.gov

NO CONTRCT

NO LIABILY

NO UNDERSANDABLE

CEAST AND DESIS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Motion for Sanctions* and attached exhibits of the Secretary of Labor were served upon all parties in the above entitled and numbered cause by depositing the same via UPS, in an envelope addressed to Respondent's last known residential and business addresses:

B&D Grocery, Inc.
1510 Lake Land Blvd.
Mattoon, Illinois 61938

And

Lester Detweiler
1733 CR 1000 N
Sullivan, IL 61951

Certified this 19th day of May, 2021.

*/s/ Lydia J. Faklis*

**LYDIA J. FAKLIS**
**Attorney**

NO CONTRCT

NO LIABILY

NO UNDERSANDABLE

CEAST AND DESIST

E-FILED
Wednesday, 19 May, 2021 06:19:02 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

**MARTIN J. WALSH,**
Secretary of Labor,
United States Department of Labor,

Petitioner,

v.

**B&D GROCERY, INC.,**

Respondent.

Misc. Case No.: 21-mc-2001

Judge Colin S. Bruce
Magistrate Judge Eric I. Long

**DECLARATION OF LYDIA J. FAKLIS**

I, **Lydia J. Faklis**, hereby state the following regarding attorney's fees incurred for the *Secretary of Labor's Motion for Sanctions*.

1. I am the attorney of record for **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, Petitioner in the above-styled action. I have been a trial attorney (GS-12) in the Office of the Solicitor, United States Department of Labor, in Chicago, Illinois since September 2020. I have been a practicing attorney since 2019.

2. As a trial attorney for the U.S. Department of Labor, I am responsible for preparing and presenting cases before federal courts and administrative tribunals involving various labor and employment laws enforced by the U.S. Department of Labor.

3. I am the primary attorney in this matter during the period relevant to this Declaration.

4. Evidence supports an attorney litigating an FLSA matter in district court in a major city with less than two years of experience would likely bill services at $319 per

hour.[1] The Secretary asks for a reasonable rate of $125 per hour.

4. In the course of my duties, the following hours were dedicated to preparing and filing the *Secretary of Labor's Motion for Sanctions* in this matter.

5. The work I performed in this matter for the Secretary in the course of my duties relating to the enforcement of the *Secretary's Motion for Sanctions* totaled seven hours. A breakdown of the date, time spent, and work I performed is as follows:

| Date | Description of Work | Hours |
|---|---|---|
| 04/26/2021 | Conference with supervisor regarding sanctions, emails to and from Wage and Hour District Director, Assistant District Director, and Wage and Hour Investigator regarding sanctions | .5 |
| 04/27/2021 | Legal research regarding sanctions available for civil contempt; begin drafting Memorandum in Support | 1.0 |
| 04/29/2021 | Continue drafting Memorandum in Support; Research Seventh Circuit case law | .5 |
| 05/03/2021 | Continue drafting Motion for Sanctions, Memorandum in Support, and Attorney Declaration | 2.0 |
| 05/04/2021 | Continue drafting Motion for Sanctions, Memorandum in Support, Attorney Declaration, and Proposed Order Granting Sanctions; Email with other attorney in the Region V Office regarding sanctions | 2.0 |
| 05/05/2021 | Continue drafting Motion for Sanctions, Memorandum in Support; Review and cite check Memorandum in Support; Research Seventh Circuit case law for attorney's fees regarding subpoena enforcement and motions for sanctions; conference with supervisor | 1.0 |
| | Total Hours: 7.0 | |
| | Total Hours Multiplied by Reasonable Hourly Rate: $875 | |

6. Multiplying these hours by the reasonable hourly rate equals fees of $875 ($125 x 7 hours).

[1] *See, e.g.*, *Kapellusch v. Bold Salons LLC*, No. 18-C-843, 2019 WL 402865, at *1 (E.D. Wis. Jan. 31, 2019) (awarding rate of $350 per hour to plaintiff's attorney based in Brookfield, Wisconsin in an FLSA case); *Heuberger v. Smith*, 2019 WL 3030312, at *5 (N.D. Ind. Jan. 4, 2019) (awarding rate of $450 per hour to plaintiff's attorney based in St. Louis, Missouri in an FLSA class action case); *Bainter v. Akram Invs., LLC*, 2018 WL 4943884, at *5 (N.D. Ill. Oct. 9, 2018) (awarding rates of $550-700 per hour to plaintiff's lead attorneys based in Chicago, Illinois in an FLSA class action case). This rate is also reasonable in light of the U.S. Attorney's Office Attorney's Fee Matrix – 2015-2020. *See* https://www.justice.gov/usao-dc/page/file/1189846/download (determining $319 per hour is a reasonable rate for attorneys with less than two years of experience in the District of Columbia).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of May 2021.

NO CONTRCT

P.O. Address:

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, IL 60604
Telephone No.: 312/353-6992
Fax No.: 312/353-5698
E-mail: faklis.lydia.j@dol.gov

/s/ Lydia J. Faklis
**LYDIA J. FAKLIS**
Trial Attorney

Attorneys for **MARTIN J. WALSH**
Secretary of Labor
U.S. Department of Labor
Petitioner

NO LIABILY

NO UNDERSANDABLE

CEAST AND DESIST

E-FILED
Wednesday, 19 May, 2021 06:19:01 AM
Clerk, U.S. District Court, ILCD

NO CONTRCT

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

**MARTIN J. WALSH**,
Secretary of Labor,
United States Department of Labor,

Petitioner,

v.

**B&D GROCERY, INC.**,

Respondent.

Misc. Case No.: 21-mc-2001

Judge Colin S. Bruce
Magistrate Judge Eric I. Long

NO LIABILLY

**SECRETARY OF LABOR'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR SANCTIONS AGAINST RESPONDENT B&D GROCERY, INC.**

Petitioner **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor ("Secretary" or "Department"), by counsel, hereby submits this *Memorandum in Support of the Secretary of Labor's Motion for Sanctions* consistent with Rule 37 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). For the reasons set forth in the Secretary's Motion and in this Memorandum, the Secretary requests the Court issue appropriate sanctions against **B&D GROCERY, INC.'s** ("B&D Grocery" or "Respondent") by respectfully requesting this Court enter an order that find's B&D Grocery's owner and President Lester Detweiler also in contempt of court, imposes a coercive $150.00 daily fine against B&D Grocery for every day B&D Grocery fails to produce documents requested in the administrative subpoena *duces tecum* ("Subpoena"), pay private process service costs and attorney's fees, granting the Secretary leave to file future additional sanctions, and any other relief as the Court finds just.

NO UNDERSANDABLE

## I. STATEMENT OF FACTS

This case concerns an administrative Subpoena issued by the Wage and Hour Division ("WHD" or "Wage and Hour"), United States Department of Labor related to the Fair Labor

CEAST AND DESIST

Standards Act of 1938, as Amended. 29 U.S.C. § 201, *et seq*. On October 15, 2020, the WHD opened an investigation to determine B&D Grocery's compliance with the FLSA, including, but not limited to, B&D Grocery's compliance with the FLSA's minimum wage, overtime, and record-keeping provisions.

On October 20, 2020 Wage and Hour Investigator ("WHI") Crystal Mahan emailed owner and President of B&D Grocery, Lester Detweiler, to set the Initial Conference. During the November 2, 2020 phone call, Mr. Detweiler stated he would not provide any documents until he saw WHI Mahan's credentials including an "oath of office" and "insurance bonds." On November 3, 2020, WHI Mahan called Mr. Detweiler again and suggested they conduct the Initial Conference on Microsoft Teams. Mr. Detweiler did not agree. On November 4, 2020, WHI Mahan spoke to Mr. Detweiler on the phone and he stated he was getting an attorney.[1] On November 6, 2020 and November 9, 2020, WHI Mahan called Mr. Detweiler and left voice messages, but Mr. Detweiler did not return WHI Mahan's calls.

On November 13, 2020, a letter requesting several categories of documents was sent via certified mail to B&D Grocery located at 1510 Lake Land Blvd. Mattoon, Illinois 61938. The deadline to respond to the letter was November 19, 2020 at 9:00 a.m. B&D Grocery did not produce responsive records. On November 24, 2020, Regional Administrator for the WHD, Michael Lazzeri, issued the Subpoena. The deadline for production of documents responsive to the Subpoena was December 16, 2020.

On December 1, 2020, WHI Jacob Long was also assigned to this case and served the Subpoena at B&D Grocery. On December 7, 2020 a copy of the Subpoena served on B&D Grocery was returned to WHD with the following written in red ink across the top of each page

[1] To date, no attorney representing B&D Grocery or Lester Detweiler has contacted the WHD or counsel for the Secretary.

2:21-mc-02001-CSB-EIL # 13 Page 3 of 16

of the subpoena was the phrase: "NO CONTRACT; NO LIABILITY; NO UNDERSTANDABLE; CEAST AND DESIST" ("First Cease and Desist Letter"). There was no return address on the envelope with the First Cease and Desist Letter enclosed. On December 10, 2020, the letter sent on November 13, 2020 was returned to WHD listed as "unclaimed." On December 16, 2020, WHD did not receive any documents requested in the Subpoena. After the issuance of the Subpoena, the Secretary's undersigned counsel again engaged in multiple attempts to obtain the records from Respondent beginning on December 22, 2020, and continuing through January 5, 2021 by calling and emailing Respondent's representative Lester Detweiler.

The Secretary filed his Petition for Enforcement of Administrative Subpoena *Duces Tecum* on February 23, 2021. (ECF No. 1). On March 11, 2021, Judge Eric Long signed an Order to Show Cause. The Order to Show Cause ordered Respondent to show cause for their failure to comply with the Subpoena within 14 days of the Order, ordered the U.S. Marshals Service to serve a copy of the Order to Show Cause, Petition for Enforcement of Administrative Subpoena *Duces Tecum*, and Exhibits upon B&D Grocery. (ECF No. 5). On March 15, 2021, Mr. Detweiler refused service by the U.S. Marshals Service. (ECF No. 7).

On April 5, 2021, Judge Eric Long issued a Report and Recommendation ("R & R") ordering any objection must be filed, in writing with the Clerk within fourteen (14) days after being served with a copy of the R & R and for the Secretary to serve a copy of the R & R on Respondent. (ECF No. 8). The Secretary retained the services of a private process server to effect service on Respondent. On April 8, 2021, process server Stephanie Buchholz of United Processing Inc. served a copy of the Court's April 5, 2021 R & R on Lester Detweiler. (ECF No. 9). United Processing Inc. charged the Secretary $125.00 for their services. (*See* Exhibit A,

NO CONTRCT
NO LIABLLY
NO UNDERSANDABLE
CEAST AND DESIST