# SECRETARY'S EXHIBIT A

# PART 3 OF 3

*United Processing Inc. Process Server Affidavit of Service and Invoice*). While attempting to serve Mr. Detweiler, the process server noted: "defendant display[ed] aggressive and threatening behavior" and defendant "blocked me from exiting the premises the same way I had entered" before stepping aside. *See id.*

On April 20, 2021, the WHD Saint Louis District Office, received a second "Cease and Desist" demand on a copy of this Court's R & R with the words: "NO CONTRACT; NO LIABILITY; NOT UNDERSTANDABLE; CEAST AND DESIST" written in red ink on pages 1 and 2 ("Second Cease and Desist Letter"). Contrary to this Court's R & R, B&D filed no objection or response. On April 26, 2021, this Court entered an Order finding B&D Grocery held in civil contempt, tolled the statute of limitations from December 16, 2020, and granted the Secretary leave to file a Motion for Sanctions. (ECF No. 11).

To date, B&D Grocery has not produced any documents. B&D Grocery's failure to comply with the Subpoena has impeded and continues to impede WHD's investigation under provisions of section 11 of the FLSA. *See* 29 U.S.C. § 211.

## II. ARGUMENT

Fed. R. Civ. P. 37(b) "provides that a court may impose various sanctions on a party or his attorney who fail to comply with a court order." *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984). Under Fed. R. Civ. P. 37(b), if a party fails to comply with a court order, the Court may issue sanctions that include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

4

Secretary's Exhibit A            Page 21 of 34

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The Seventh Circuit holds district courts have "wide latitude" in imposing appropriate sanctions, and the sanctions will be affirmed if they "were reasonable under the circumstances, even if we might have resolved the matter differently in the first instance." *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011). Furthermore, the Court noted any argument that sanctions are inappropriate because the party's non-compliance was due to "inadvertence" is "wholly misplaced." *Id.* A party's "culpability" for failing to comply bears only upon the appropriate sanction to impose, "not whether any sanctions are appropriate at all." *Id.* Thus, the undisputed failure to comply with this Court's Orders and the Subpoena warrants sanctions.

To determine the appropriate sanction, a court should examine "the extent of the misconduct, the ineffectiveness of lesser sanctions, the harm from the misconduct, and the weakness of the case." *Philips Med. Sys. Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992). Determining an appropriate sanction includes the entire procedural history, not just the immediate event before the sanction. *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011). Considering the "extent of the misconduct," Respondent's conduct has been noncompliant and inexcusable for the entirety of this subpoena enforcement action and subsequent federal court proceedings. *Philips Med. Sys. Int'l, B.V.*, 982 F.2d at 214.

As stated by Rule 37, and as supported by Seventh Circuit precedent, sanctions should be imposed for a B&D Grocery's failure to comply with the Court's Orders. Fed. R. Civ. P. 37(b);

5

[Handwritten overlay: NO CONTRCT / NO LIABILLY / NO UNDERSTANDABLE / CEAST AND DESIST]

*Tamari*, 729 F.2d at 472; *e360 Insight*, 658 F.3d at 642–43; *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987). Here, many factors (Respondent's misconduct, the harm from the misconduct, and the weakness of any defense) weigh in favor of ordering a daily $150.00 fine, attorney's fees, and service costs. B&D Grocery, through its owner Lester Detweiler, engaged in numerous acts of delay, failures to respond to the Subpoena, refusal of service from the U.S. Marshals, sending two inappropriate Cease and Desist Letters to the WHD, failures to comply with this Court's Orders and deadlines, demonstrations of hostile behavior towards the process server, and engaged in overall contumacious conduct. (*See* Ex. A; ECF Nos. 1; 8; 9; 10).

The Seventh Circuit and the Central District of Illinois have both imposed sanctions for civil contempt related to Respondent's disobedience of court orders. The Court has inherent authority to impose sanctions for civil contempt. *Johnson v. Tinwalla*, No. 13-3227, 2017 WL 5175591, at *4 (C.D. Ill. Nov. 8, 2017) (citing *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999)). Remedial sanctions "seek to compensate an aggrieved party for losses sustained as a result of the contemnor's disobedience of a court's order or decree made for the aggrieved party's benefit," but "any sanction imposed by the court must be predicated on a violation of an explicit court order." *Id.* For nearly seven months, since WHD opened this investigation on October 15, 2020, Respondent continued to delay and undermine both (1) this Court's Orders and authority and (2) the WHD's administrative subpoena enforcement powers. *See* 29 U.S.C. § 211. Not one document related to the Subpoena has been produced; the WHD is not one step closer to completing its investigation as it was in October 2020.

A. **Respondent's Owner Lester Detweiler Should Also Be Held in Contempt.**

Although B&D Grocery has already been found in contempt, B&D Grocery's owner and

[Handwritten annotations across page: "NO CONTRCT", "NO LIABILY", "NO UNDERSANDABLE", "CRASE AND DESIST"]

President, Lester Detweiler, should also be held in contempt for the same reasons. The Secretary bears the burden of proving civil contempt by clear and convincing evidence showing "(1) the order set forth an unambiguous command; (2) [Respondent] violated that command; (3) [Respondent's] violation was significant; and (4) [Respondent] failed to take steps reasonably and diligently to comply with the order." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014) (citing *Autotech Techs. LP v. Integral Research & Dev. Corp.*, 499 F.3d 737, 751 (7th Cir. 2007) (other citations omitted). Respondent bears the burden of production if it claims it is presently unable to comply with the Order. *United States v. Rylander*, 460 U.S. 752, 757 (1983) (citations omitted). This Court's Order on March 11, 2021 was clear: "within fourteen days of service of this Order and the Petition and supporting exhibits, Respondents show cause, if any, for their failure to comply with and obey the administrative Subpoena *Duces Tecum*, or comply in full with the Subpoena." (ECF No. 5). Not only did Mr. Detweiler not comply with the March 11, 2021 Court Order, he continued to obstruct this Court's and the Secretary's effort to serve him with Orders and documents. On April 5, 2021, this Court issued a R & R, recommending B&D Grocery be held in contempt, and ordered that any objections be filed within 14 days. After that R & R was served on Mr. Detweiler, the WHD Saint Louis District Office then received the Second Cease and Desist Letter. Mr. Detweiler is the contributing individual of B&D Grocery's contempt for the following reasons: Mr. Detweiler is the primary owner and President of B&D Grocery, the individual served the original Subpoena on December 1, 2020 and presumably sent the First Cease and Desist Letter, the individual who refused service from the U.S. Marshal Service's on March 15, 2021, displayed threatening behavior the process server on April 8, 2021, and presumably sent the Second Cease and Desist Letter. All hostile actions trace back to Mr. Detweiler.

[Handwritten annotations across page: "NO CONTRCT", "NO LIABILLY", "NO UNDERSANDABLE", "CEAST AND DESIST"]

7

Mr. Detweiler's contumacious conduct continues to undermine this Court's Orders and the Secretary's subpoena enforcement powers, Mr. Detweiler should also be held in contempt. "An order issued to a corporation is identical to an order issued to its officers, for incorporeal abstractions act through agents." *Reich v. Sea Sprite Boat Co.*, 50 F.3d 413, 417 (7th Cir. 1995) (citing *Wilson v. U.S.*, 221 U.S. 361, 376 (1911)). Thus, corporate officers may be held in contempt for the corporation's failure to obey a court order. *Wilson*, 221 U.S. at 376 ("A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt."); *Electrical Workers Pension Trust Fund of Local Union v. Gary's Elec. Service Co.*, 340 F.3d 373, 383 (6th Cir. 2003) (holding "because a civil contempt ruling either attempts to coerce compliance or compensate the complainant for losses, it is fully appropriate to impose judicial sanctions on the nonparty corporate officer") (citing *Wilson*, 221 U.S. at 376). *See also United States v. Seetapun*, 750 F.2d 601, 604 (7th Cir. 1984) (district court erred in failing to hold in contempt the sole owner and president of corporation subject to IRS summons for corporation's failure to produce documents); *Sea Sprite Boat Co.*, 50 F.3d 417 (adding corporation's president and sole owner to contempt proceedings to pay corporation's penalty for failing to comply with court order enforcing administrative order of the Occupational Safety and Health Review Commission).

This Court's Orders provided unambiguous commands. (1) Both the March 11 and April 5, 2021 Court Orders were clear; B&D Grocery was required to show cause as to their failure to comply with the Subpoena, comply with the Subpoena in full, or file any objections to the R &

[Handwritten/stamped overlay: "NO CONTRCT", "NO LIABILY", "NO UNDERSTANDABLE", "CEAST AND DESIS"]

8

R. (ECF Nos. 5; 8). The Second Cease and Desist Letter is not a permitted objection to the April 5, 2021 R & R. (ECF No. 11). (2) B&D Grocery violated the commands of both Court Orders by failing to comply with the Subpoena or file an objection to the R & R.

The other elements for proving civil contempt are also met. *See Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014) (citations omitted). (3) B&D Grocery's violation was significant for two reasons. First, this Subpoena was served on December 1, 2020 and from the very start, B&D Grocery, through Lester Detweiler avoided compliance for months. Second, B&D Grocery went to great lengths to show their disrespect for this Court's Orders and the judicial process, by mailing the Second Cease and Desist Letter to the WHD. (ECF No. 10). This deliberate disrespect makes the violation significant. (4) Last, B&D Grocery failed to take reasonable and diligent steps to comply with the Court's Orders. In fact, B&D Grocery took obvious steps *not* to comply with this Court's Orders by refusing service from the U.S. Marshals when they attempted to serve the Order to Show Cause, showing hostile actions towards the process server when she served the April 5, 2021 R & R, defacing this Court's April 5, 2021 R & R by writing "NO CONTRACT, NO LIABILITY; NOT UNDERSTANDABLE; CEAST AND DESIST" in red ink on pages 1 and 2 and returned it to the WHD, and exhibiting disruptive behavior during this investigation and current litigation. (ECF Nos. 1, 8, 9, 10). This Court found B&D Grocery in civil contempt and to ensure compliance with the Subpoena, Mr. Detweiler should also be in contempt. *Trudeau*, 579 F.3d at 763.

### B. A Daily $150.00 Fine is an Appropriate Sanction.

First, the Secretary requests a $150.00 daily fine against B&D Grocery for every day B&D Grocery fails to produce documents related to the Subpoena. This $150.00 daily fine shall begin on the day this Court grants Secretary's Motion for Sanctions and end on the date

9

Respondent is able to purge his contempt by complying with this Court's Orders and the Subpoena. "The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193 (1949). Such relief "may entail the doing of a variety of acts, such as the production of books" or "the payment of money." *Id.* at 500-01. *Occupational Safety & Health Admin. v. All-Feed Processing & Packaging Inc.*, 2012 WL 1029659, at *4 (C.D. Ill. Mar. 26, 2012) (citing *United Mine Workers v. Bagwell*, 512 U.S. 821, 828–29 (1994)) (finding a defendant was in contempt of the court's warrant, imposing a coercive $500/day fine until defendant complies with the warrant, ordering defendant to pay plaintiff's attorney's fees and costs associated with its Petition for Contempt). Other District Courts have imposed daily fines related to subpoena enforcement actions. *See, e.g., Sec'y of Labor v. River Ranch Bar & Grille, LLC*, 2018 WL 2074161, at *3 (M.D. Fla. Apr. 13, 2018), *report and recommendation adopted*, 2018 WL 2011372 (M.D. Fla. Apr. 30, 2018) (imposing $500 daily fine for failure to comply with default judgment obtained by the Secretary in an FLSA case); *Lineback v. Cherry Creek Elec., Inc.*, 2016 WL 1714221, at *3 (imposing $500 daily fine for failing to comply with order enforcing three subpoenas *duces tecum* issued by the NLRB); *Acosta v. N & B Lundy Corp.*, 2017 WL 1709438, at *3-*4 (M.D. Pa. May 3, 2017) (imposing $250 daily fine for failing to comply with district court order enforcing subpoena *duces tecum* issued by the Secretary); *Hugler v. Guard Servs. Int. Inc.*, 2017 WL 11048839, at *1 (N.D. Ga. Mar. 22, 2017) (imposing $500 daily fine for failing to comply with district court order enforcing subpoena *duces tecum* issued by the Secretary in an FLSA case); and *Chao v. Koresko*, 2005 WL 2521886, slip op. at 7 (3d Cir. Oct. 12, 2005) (affirming $250 per day fine imposed by district court for failure to comply with administrative subpoena issued by the Secretary).

10

*[Handwritten annotations across page: "NO CONTRACT", "NO LIABILITY", "NO UNDERSTANDABLE", "CEAST AND DESIST"]*

Here, Respondent failed to respond to the Subpoena, refused service from the U.S. Marshals Service, and exhibited threatening behavior towards a process server. (ECF Nos. 7; 9). Moreover, B&D Grocery, through its owner Lester Detweiler, has shown blatant disregard for this Court's Orders and the WHD Subpoena by altering at least two documents (the First Cease and Desist Letter for the Subpoena, and Second Cease and Desist Letter for this Court's April 5, 2021 R & R, a Court Order) and returning those altered documents to WHD. Considering B&D Grocery's actions and months of delay, the $150.00 daily fine is appropriate. Because the Order compelling production of the documents was insufficient to obtain Respondent's compliance, the Secretary requests the Court order Respondent to produce all documents within one calendar day of service of an Order by this Court granting sanctions, and subjecting Respondent to the coercive fine of $150.00 each day non-compliance continues.

C. **Attorney's Fees and Reasonable Service Costs Are Appropriate Sanctions.**

Second, pursuant to Fed. R. Civ. P. 4(d), the Secretary further requests reasonable attorney's fees related to preparing and filing this Motion for Sanctions. (*See Declaration of Attorney Lydia J. Faklis in Support of Motion for Sanctions*, attached hereto as Exhibit B). Therefore, B&D Grocery should be required to pay attorney's fees of $875.00 for preparing this Motion for Sanctions.

1. **Respondent is Liable for Attorney's Fees Related to the Preparation of this Motion for Sanctions.**

As a result of B&D Grocery's refusal to honor the Court's Orders, the Secretary has expended costs and resources in connection with the preparation and prosecution of this contempt action. The Court may also award the movant with attorney's fees incurred in prosecuting the contempt motion. *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005) (citations omitted). *See, e.g., Lineback v. Cherry Creek Elec., Inc.*, 2016 WL

11

[Handwritten overlay across page: "NO CONTRCT", "NO LIABILY", "NO UNDERSANDABLE", "CEAST AND DESIS"]

1714221, at *3 (C.D. Ill. Mar. 23, 2016), *report and recommendation adopted*, 2016 WL 1651793 (C.D. Ill. Apr. 26, 2016). Other district courts have granted attorney's fees for subpoena enforcement matters and enforcing related court orders. *See, e.g., Lineback*, 2016 WL 1714221, at *3-4 (awarding NLRB attorney's fees for enforcing three subpoenas *duces tecum* issued by the NLRB); *Hugler*, 2017 WL 11048839, at *1 (awarding the Secretary's attorney's fees and costs for respondent's failure to comply with district court order enforcing subpoena *duces tecum*); *N & B Lundy Corp.*, 2017 WL 1709438, at *3-*4 (same); *United States v. Fesman*, 781 F. Supp. 511, 516 (S.D. Ohio 1991) (party which failed to comply with order enforcing administrative subpoena required to pay amount which included cost of enforcing order). This Court has found B&D Grocery in civil contempt. (ECF No. 11). Now, at the sanctions stage, Respondent has not produced any documents requested from the Subpoena and further ordered by this Court. Attorney's fees for pursuing a Motion for Sanctions and enforcing the civil contempt are appropriate based on the failure to comply. Thus, the Court should award attorney's fees incurred in prosecuting the contempt and preparation of the Motion for Sanctions. (*See* Ex. B).

### 2. The Secretary's Requested Fees are Reasonable.

Attorney's fees requested are reasonable based upon a market rate. *See, e.g., Hamilton v. Daley*, 777 F.2d 1207, 1213 (7th Cir. 1985) (holding "[f]ees are based on reasonable billing rates in the relevant community, not net hourly earnings" in awarding attorney's fees to Cook County State's Attorney's Office) (citing *Blum v. Stenson*, 465 U.S. 886 (1984)). "[T]he district court generally begins the fee calculation by computing a 'lodestar:' the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) (citing *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir.2010)). "Although the lodestar yields a presumptively reasonable fee, the court may nevertheless adjust

12

the fee based on factors not included in the computation." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (other citation omitted).

Secretary's counsel has experience in enforcing various labor and employment laws for which the U.S. Department of Labor is responsible before District Courts and administrative tribunals. (*See* Ex. B). Secretary's counsel has worked for the U.S. Department of Labor since September 2020 and has been licensed since 2019. Therefore, a market rate of $125/hour is proper. *See, e.g., Kapellusch v. Bold Salons LLC*, No. 18-C-843, 2019 WL 402865, at *1 (E.D. Wis. Jan. 31, 2019) (awarding rate of $350.00 per hour to plaintiff's attorney based in Brookfield, Wisconsin in an FLSA case); *Heuberger v. Smith*, 2019 WL 3030312, at *5 (N.D. Ind. Jan. 4, 2019) (awarding rate of $450.00 per hour to plaintiff's attorney based in St. Louis, Missouri in an FLSA class action case); *Bainter v. Akram Invs., LLC*, 2018 WL 4943884, at *5 (N.D. Ill. Oct. 9, 2018) (awarding rates of $550.00-700.00 per hour to plaintiff's lead attorneys based in Chicago, Illinois in an FLSA class action case). This rate is also reasonable in light of the U.S. Attorney's Office Attorney's Fee Matrix – 2015-2020. *See* https://www.justice.gov/usao-dc/page/file/1189846/download (determining $319.00 per hour is a reasonable rate for attorneys with less than two years of experience in the District of Columbia). The undersigned attorney has worked at the Department of Labor for less than two years and spent a total of seven hours preparing this Motion for Sanctions and enforcing the civil contempt. Therefore, the Secretary is entitled to $875 in reasonable attorney's fees. (*See* Ex. B).

3. **B&D Grocery Shall Also Be Required to Pay Service Costs.**

Also, B&D Grocery should be required to pay the $125.00 the Secretary incurred to hire a process server to serve the April 5, 2021 R & R. (*See* Ex. B). Sanctions, including costs, issued under court's inherent powers are justified if offender willfully abuses judicial process. Fed. R.

13

Secretary's Exhibit A    Page 30 of 34

*Overlaid handwritten annotations: "NO CONTRCT", "NO LIABILY", "NO UNDERSANDABLE", "CEAST AND DESIS"*

Civ. P. 4(d); *Donelson v. Hardy*, 931 F.3d 565, 570 (7th Cir. 2019) (citing 28 U.S.C. § 1920; *Majeske v. City of Chicago*, 218 F.3d 816, 824–26 (7th Cir. 2000) (affirming the District Court's decision to award costs as an appropriate sanction). Here, Respondent was previously difficult to serve. The U.S. Marshals Service attempted service and Respondent refused service. (ECF No. 7). Based upon Respondent's refused service, when this Court required the Secretary to serve the April 5, 2021 R & R on Respondent, the Secretary hired a private process server at a reasonable rate of $125.00. (*See* Ex. A). The Court should award costs the Secretary incurred for hiring the process server.

**D.      The Secretary Requests Leave to File Future Additional Sanctions.**

Due to the unpredictable nature of the Respondent and previous failures to comply with this Court's Orders, the Secretary respectfully asks for leave to file additional sanctions for this matter at a later time. Respondent B&D Grocery's failure to comply with the Subpoena enforcement process and this Court's Orders caused harm and continues to delay the investigation. As important government resources are used to investigate, the harm from B&D Grocery's continued refusal to produce the documents increases.

**III.    CONCLUSION**

For all the foregoing reasons, the Secretary respectfully requests that his Motion for Sanctions be granted.

Respectfully submitted,

**ELENA GOLDSTEIN**
Acting Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

14

Secretary's Exhibit A          Page 31 of 34

[Handwritten overlay across page: "NO CONTRCT", "NO LIABILY", "NO UNDERSANDABLE", "CEAST AND DESIS"]

P.O. Address:

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, IL 60604
Telephone No.: 312/353-6992
Fax No.: 312/353-5698
E-mail: faklis.lydia.j@dol.gov

/s/ Lydia J. Faklis
**LYDIA J. FAKLIS**
Trial Attorney

Attorneys for **MARTIN J. WALSH**
Secretary of Labor
U.S. Department of Labor
Petitioner

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Memorandum in Support of Motion for Sanctions* and attached exhibits of the Secretary of Labor were served upon all parties in the above entitled and numbered cause by depositing the same via UPS, in an envelope addressed to Respondent's last known residential and business addresses:

> B&D Grocery, Inc.
> 1510 Lake Land Blvd.
> Mattoon, Illinois 61938
>
> And
>
> Lester Detweiler
> 1733 CR 1000 N
> Sullivan, IL 61951

Certified this 19th day of May, 2021.

/s/ *Lydia J. Faklis*
_____
**LYDIA J. FAKLIS**
**Attorney**

NO CONTRCT
NO LIABILY
NO UNDERSANDABLE
CEASE AND DESIST

16



Sol Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn ST.
Chicago IL
Room 844
60604