# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) ) |
| **B&D GROCERY, INC.,** and **LESTER DETWEILER**, an individual, | ) ) ) ) |
| Respondents. | ) |

Case No. 21-MC-2001

### RESPONDENTS' RESPONSE TO SECRETARY OF LABOR'S MOTION FOR ATTORNEY'S FEES AND COSTS

**NOW COME** the Respondents, B&D GROCERY and LESTER DETWEILER, and in response to the *Secretary of Labor's Motion for Attorney's Fees and Costs*, states as follows:

Respondent Detweiler and Respondent B&D Grocery are a part of a small, family-owned company. Respondents employ many local workers at both a full-time and part-time basis. The employment future of dozens of local workers depends on the financial success and capabilities of Respondents. Requiring Respondents to pay the costs of Petitioner's travel expenses is unduly burdensome to Respondents.

Attorney's fees may be awarded in contempt proceedings *at the court's discretion*. *Tranzact Technologies, Inc. v. 1SOURCE Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005) (*emphasis added*) (*citing CFTC v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981)). While Federal Rule of Civil Procedure 54(d) does provide a strong presumption that the prevailing party will recover costs, the ultimate decision rests within the district court's discretion. *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir.1995); *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d

1404, 1409 (7th Cir.1991). District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs. *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir.1993); *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 943 (7th Cir.1988).

Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs. *Weeks*, 126 F.3d at 945. Respondent Detweiler was overly cautious about falling for scams intended to harvest confidential employment and financial information regarding his business and the people that he employs. During the hearing on September 13, 2021, Respondent Detweiler came to understand that the requests for information and the contact by employees of the Secretary of Labor were not a scam. Upon reaching that conclusion, Respondent agreed to cooperate and tender all requested records within his possession, which he has since done. Respondents are financially responsible for dozens of people's livelihoods. Incurring additional expenses in response to this legal action may put his family, his business, and the families that he employees under financial hardship.

**WHEREFORE**, Respondents B&D GROCERY and LESTER DETWEILER respectfully request that this Honorable Court enter an order denying the *Secretary of Labor's Motion for Attorney's Fees and Costs*, and for such other relief deemed just and appropriate.

        /s/ Lester Detweiler
Lester Detweiler
B&D Grocery, Inc.
1510 Lake Land Blvd.
Mattoon, IL 61938-5914
bdgrocery1@gmail.com
(217) 202-8434

## CERTIFICATE OF SERVICE

      The Undersigned hereby certifies that on October 27, 2021, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system which will send notification of such filing(s) to all attorneys and parties of record.

                                                                 */s/ Audrey C. Thompson*
                                                                   Audrey C. Thompson

**Prepared by:**
**Audrey C. Thompson,** Stand-by Counsel for Respondents
**Beckett Law Office, P.C.**
508 S. Broadway Ave.
Urbana, Illinois 61801
(217) 328-0263
Audrey@beckettlawpc.com
ARDC No. 6327692