UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, <br> Secretary of Labor, <br> United States Department of Labor, <br><br> Petitioner, <br><br> v. <br><br> **B&D GROCERY, INC.,** and <br> **LESTER DETWEILER**, an individual, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 21-MC-2001 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**RESPONDENTS' MOTION TO REDUCE
OR SET ASIDE THE DAILY FINES, FEES, AND COSTS**

**NOW COME** the Respondents, B&D GROCERY and LESTER DETWEILER, and in support of their Motion to Reduce Fines, Fees, and Costs states as follows:

On July 1, 2021, the Court entered an order granting the Secretary of Labor's Motion for Sanctions, finding Respondent Detweiler in civil contempt. (R.15). Respondent B&D Grocery had previously been found in civil contempt on April 26, 2021. (R. 11). In its July 1 Order, the Court ordered Respondents B&D Grocery, Inc. and Detweiler to pay a coercive fine of $150.00 per day that they fail to comply with the Court's March 11, 2021 (R. 5) Order and fail to produce the requested records. That fine started to accrue upon personal service of Respondents, which occurred on July 21, 2021. (R. 17). The Court later ordered that the daily accrual terminate on September 13, 2021, based upon Respondent Detweiler's representations that he would comply with the Court's prior orders. (R. 26). The coercive daily fine was enforced for 53 days, totaling a coercive fine of $7,950.00. Respondents were also ordered to pay a compensatory fine equal to service cost of $125.00 and attorney's fees of $875.00. (R. 15). Pursuant to Respondent

Detweiler's representations to the Court, Respondents worked with the Secretary of Labor to turn over all of the requested documents. The Secretary of Labor filed its Notice of Compliance on October 28, 2021 (R. 34), indicating to the Court that Respondents have fully complied with their subpoena obligations.

Civil contempt proceedings are for the purpose of coercing compliance with the orders of the court and/or to compensate complainant for losses sustained by defendant's noncompliance. *United States v. Darwin Const. Co., Inc.*, 873 F.2d 750 (4th Cir. 1989); *United States v. Professional Air Traffic Controllers*, 678 F.2d 1, 4 (1st Cir.1982), *citing United States v. United Mine Workers*, 330 U.S. 258, 303-04, 67 S.Ct. 677, 701-02, 91 L.Ed. 884 (1947); *G & C Merriam Co. v. Webster Dictionary Co., Inc.*, 639 F.2d 29, 40-41 (1st Cir.1980). A district court can assess a civil fine against a party for contemptuous conduct in an amount sufficient to coerce that party to comply with the court's order. *Squillacote v. Local 248, Meat & Allied Food Workers*, 534 F.2d 735, 748 (7th Cir.1976). When the purpose of a contempt sanction is to coerce compliance with a court order the court must consider: (1) the character and magnitude of the harm threatened by continued contumacy; (2) the probable effectiveness of the sanction in bringing about the result desired; and (3) the contemptor's financial resources and the consequent seriousness of the burden of the sanction upon him. *United Mine Workers of America*, 330 U.S. at 304.

I.   **Imposition of the Coercive Daily Fine Places Respondents Under Serious Financial Burden**

Respondent Detweiler is a small business owner. Respondent B&D Grocery is a small, family-owned business which employs dozens of local workers in the Mattoon, Illinois area. Given the nature of their business, Respondents operate on razor-thin profit margins to ensure

the financial stability of their company for the benefit of their employees, their community, and their family. The imposition of a fine totaling $8,950.00 places both Respondents under an enormous financial burden.

A coercive daily fine, as it accrues, can lose its coercive effect and over time appear punitive. *See generally Powers v. Chicago Transit Authority*, 890 F.2d 1355 (7th Cir. 1989). The district court in *Powers* initially ordered a coercive daily fine of $150.00 against the respondent, but stopped the accrual of fines after the court feared the total amount was beginning to appear punitive. *Id.* at 1363. The Seventh Circuit agreed with the district court that the accrued daily fine had become punitive and reduced the total accrued fine amount from $17,850.00 to $2,000.00. *Id.* In short, even if the daily amount was intended by the court to be coercive, the longer that daily amount accrues and the higher that fine becomes, the more likely it is that the overall fine amount will become punitive.

While the imposition of the $150.00 daily coercive fine against Respondents at the time it was ordered by this Court may have been a coercive fine, the total accrued amount is punitive and its payment would result in severe financial hardship to both Respondents. While a finding of the Respondents' indigency has not been made on the record, the appointment of CJA counsel as stand-by counsel for the Respondents is consistent with such a finding. On motion and just terms, the court may relieve a party from a final judgment, order, or proceeding for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). The financial resources of the Respondents and the consequent seriousness of the burden of the sanction upon the Respondents, should the full fine amount continue to be imposed, justifies relief. Prior to the appointment of CJA counsel as stand-by, Respondents were not aware of the seriousness of their situation. However, upon being afforded the opportunity to converse with court-appointed counsel, Respondent Detweiler

readily agreed to comply with the prior court orders. Following the September 13, 2021 hearing, Respondents worked diligently with their stand-by counsel, and counsel for the Secretary of Labor, to become compliant with past orders. As of the filing of this motion, Respondent has achieved full compliance with the subpoena. Given that the desired outcome was achieved once Respondent came to understand the situation, the Court has the discretion to reduce or set aside the coercive daily fine amount of $7,950.00.

**WHEREFORE**, the Respondents B&D GROCERY and LESTER DETWEILER, respectfully request that this honorable Court set aside or greatly reduce the coercive daily fine amount of $7,950.00, and for any other such relief deemed just and appropriate.

                                           _/s/ Lester Detweiler_
                                           Lester Detweiler
                                           B&D Grocery, Inc.
                                           1510 Lake Land Blvd.
                                           Mattoon, IL 61938-5914
                                           bdgrocery1@gmail.com
                                           (217) 202-8434

**Prepared by:**
**Audrey C. Thompson,** Stand-by Counsel for Respondents
**Beckett Law Office, P.C.**
508 S. Broadway Ave.
Urbana, Illinois 61801
(217) 328-0263
Audrey@beckettlawpc.com
ARDC No. 6327692

## **CERTIFICATE OF SERVICE**

The Undersigned hereby certifies that on November 8, 2021, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system which will send notification of such filing(s) to all attorneys and parties of record.

 */s/ Audrey C. Thompson*
Audrey C. Thompson

**Prepared by:**
**Audrey C. Thompson,** Stand-by Counsel for Respondents
**Beckett Law Office, P.C.**
508 S. Broadway Ave.
Urbana, Illinois 61801
(217) 328-0263
Audrey@beckettlawpc.com
ARDC No. 6327692