UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **MARTIN J. WALSH, Secretary of Labor,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 21-MC-2001 |
| ) | |
| **B&D GROCERY, INC.,** ) | |
| ) | |
| **Respondent.** ) | |

### ORDER

Pending before the court are Petitioner's Motion for Attorney's Fees and Costs (#30) and Respondent's Motion to Reduce or Set Aside the Daily Fines, Fees, and Costs (#35), both of which are now fully briefed. For the following reasons, Petitioner's Motion (#30) is GRANTED and Respondent's Motion (#35) is GRANTED in part and DENIED in part.

BACKGROUND

In an Order (#11) entered April 26, 2021, this court held Respondent in civil contempt due to Respondent's failure to comply with the subpoena duces tecum (#4-2) issued by the Department of Labor or to otherwise show cause why it could not comply with the subpoena. The court granted Petitioner leave to request sanctions pursuant to that contempt order, and subsequently entered an Order (#15) on July 1, 2021, directing Respondent to pay Petitioner a compensatory fine equal to service costs of $125.00 and

attorney's fees of $875.00, and subjecting Respondent to a coercive fine of $150.00 per day for each day Respondent failed to comply with the subpoena duces tecum and the court's prior orders.

Respondent did not comply with the subpoena following the court's July 1 Order, and a show cause hearing was then set for September 10, 2021. Despite warnings and the opportunity to confer with court-appointed stand-by counsel, Respondent displayed direct, offensive, non-verbal disrespect for the court, and the court sentenced Respondent for direct contempt of court to the custody of the U.S. Marshal from the termination of the hearing on September 10 until the rescheduled show cause hearing on September 13, 2021.

At the reset hearing on September 13, 2021, the court ordered Respondent to provide records and documents responsive to the subpoena no later than September 28, 2021, and to provide an affidavit as to any missing records or documents. Respondent indicated his intent to comply. Respondent was found to have purged his direct contempt of court arising from the September 10 hearing, but was found in continuing civil contempt pending compliance with the subpoena. The court indicated that the $8,950.00 in fine, fees, and costs that had accumulated as of September 13, 2021,[1] were still owed by Respondent. However, the court indicated a willingness to consider a motion to reduce the fine, fees, and costs upon Respondent's compliance with the

---

[1] Pursuant to the Order (#15) entered July 1, 2021, this total reflects a coercive fine of $150.00 per day for a period of 53 days, from the date of service by the U.S. Marshals on July 21, 2021, until the hearing on September 13, 2021, for a total of $7,950.00, and a compensatory fine equal to service cost of $125.00 and attorney's fees of $875.00.

subpoena, and provided Respondent with continued appointment of stand-by counsel. The court also granted Petitioner's request for leave to file a motion for reimbursement of costs relating to the rescheduled hearing.

On September 27, 2021, Respondent filed a Notice of Compliance with Court Order (#28) and Certificate of Service of Affidavit (#29), followed by a Certificate of Service of Amended Affidavit (#32) on October 22, 2021. Petitioner filed a Notice of Respondent's Compliance with Subpoena Duces Tecum (#34) on October 28, 2021.

Finally, on October 13, 2021, Petitioner filed a Motion for Attorney Fees and Costs (#30) relating to the hearing on September 13, 2021, to which Respondent filed a Response (#33) on October 27, 2021. And Respondent filed a Motion to Reduce or Set Aside the Daily Fines, Fees, and Costs (#35) on November 8, 2021, to which Petitioner filed a Response (#36) on November 18, 2021.

## ANALYSIS

I. <u>Attorney's Fees and Costs</u>

The court will not reduce or set aside the compensatory fine of $125.00 in service costs and $875.00 in attorney's fees previously imposed in the court's Order (#15) entered July 1, 2021. Further, the court will now grant Petitioner's pending Motion for Attorney's Fees and Costs (#30) and direct Respondent to pay Petitioner $140.18 in attorney's fees plus $442.76 in witness travel costs to attend the reset hearing on September 13, 2021.

Judicial sanctions in contempt proceedings may be employed "to compensate the complainant for losses sustained … upon evidence of [the] complainant's actual loss."

3

*United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947).  And "attorney's fees may be awarded in contempt proceedings at the court's discretion." *Tranzact Technologies, Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005), citing *CFTC v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981).

      Here, the court is satisfied that Petitioner has provided sufficient evidence of its loss in seeking attorney's fees and costs related to the hearing on September 13, 2021. Specifically, Petitioner's Motion (#30) is adequately supported with evidence of $140.18 in travel-related expenses for attendance by Petitioner's attorney Lydia Faklis, $234.26 in travel-related expenses for attendance by witness Crystal Mahan, and $208.50 in travel-related expenses for attendance by witness Jacob Long.  Petitioner seeks reimbursement only for travel-related expenses relating to the reset hearing on September 13, 2021, following Respondent's direct contempt of court at the initial setting on September 10, 2021.  The court finds that Petitioner should be compensated for its losses in the form of duplicative travel expenses directly arising out of Respondent's contemptuous behavior, and Petitioner's Motion for Attorney's Fees and Costs (#30) is therefore GRANTED.

      Further, Petitioner's prior Motion for Sanctions (#12) was also sufficiently supported with evidence of its service costs of $125.00 and reasonable attorney's fees of $875.00.  Upon review of the record of Petitioner's losses and in exercising the court's discretion to award attorney's fees in contempt proceedings, the court will not reduce or set aside the compensatory fine of $125.00 in service costs and $875.00 in attorney's fees previously imposed upon Respondent in the court's Order (#15) of July 1, 2021.

4

Moreover, as it relates specifically to costs, the court notes that "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Here, Petitioner is the prevailing party. The Petition (#1) has been granted in full. See Orders (#5, #11), Notice (#34). Therefore, Petitioner is likewise entitled to costs (service fees, witness fees) on that basis.

II. Coercive Fine

Judicial sanctions in contempt proceedings may also be employed "to coerce the defendant into compliance with the court's order." *United Mine Workers of America*, 330 U.S. at 303; see also *Powers v. Chicago Transit Authority*, 890 F.2d 1355, 1362 (7th Cir. 1989).

Here, in the Order (#15) entered July 1, 2021, the court imposed a coercive fine of $150.00 per day, which the court found warranted due to the character and magnitude of the harm threatened by Respondent's failure to comply with the subpoena and the probability that a $150.00 per day fine would be sufficient to ensure Respondent's compliance without being unnecessarily burdensome. See, e.g., *Powers*, 890 F.2d at 1363 (holding that "the district court did not abuse its discretion in originally imposing a fine of $150.00 a day" and that there was "no reason why the district judge should have believed that the $150.00 a day fine would not persuade [contemnor] to comply").

However, in this case the accruing fine apparently did not have the intended coercive effect and, over time, could appear punitive rather than coercive. See *Powers*, 890 F.2d at 1363 ("While we do not believe that the original $150.00 daily fine was an abuse of discretion, we share the district court's concern that, over time, the accruing fines had become punitive."). In light of Respondent's ultimate compliance with the subpoena, the compensatory fines that Respondent must still pay to Petitioner, and Respondent's representation that the coercive fine would constitute a serious financial burden to Respondent and its ability to employ the workers that Petitioner is also charged with protecting, the court chooses to exercise its discretion to set aside the coercive fine totaling $7,950.00.

Therefore, Respondent's Motion to Reduce or Set Aside the Daily Fines, Fees, and Costs (#35) is GRANTED as to the coercive daily fine totaling $7,950.00 and is DENIED as to the compensatory fines payable to Petitioner.

III.  Contempt

Finally, the court has reviewed the Notices of Compliance (#28, 34) filed by Respondent and Petitioner. As such, Respondent is found to have purged himself of civil contempt by complying with the subpoena duces tecum and the court's prior orders.

IT IS THEREFORE ORDERED:

1) Petitioner's Motion for Attorney's Fees and Costs (#30) is GRANTED. Respondent is directed to pay Petitioner a compensatory fine of $582.94 (*i.e.*, $140.18 for

attorney's fees plus $442.76 for travel costs for witness attendance at the continued hearing on September 13, 2021).

2) Respondent's Motion to Reduce or Set Aside the Daily Fines, Fees, and Costs (#35) is GRANTED in part and DENIED in part, as described herein. The court sets aside the $7,950.00 coercive fine. Pursuant to the court's prior Order (#15), Respondent is directed to pay Petitioner the previously-ordered compensatory fine of $1,000.00 (*i.e.*, $125.00 for service costs plus $875.00 in attorney's fees).

3) All requested relief having now been granted, the Petition (#1) is GRANTED in its entirety.

4) Respondent is found to be in compliance and has purged the civil contempt finding imposed in the court's prior Order (#11).

5) This matter is terminated.

ENTERED this 1st day of December, 2021.

                                                    s/Colin Stirling Bruce
                                                        COLIN S. BRUCE
                                                   U.S. DISTRICT JUDGE